**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4121**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINCY LAMONTE LOVE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00178-MOC-DSC-1)

Submitted: November 21, 2019                    Decided: November 25, 2019

Before KEENAN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, Jr., LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Lamonte Love pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1) (2012) and was sentenced to 60 months' imprisonment and two years of supervised release. Counsel has filed an *Anders v. California*, 386 U.S. 738 (1967) brief, finding no meritorious issues, but questioning whether the sentence is reasonable. Love was informed of his right to file a pro se supplemental brief, but did not file a pro se brief. The Government declined to file a brief. We affirm.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first review for significant procedural errors, including whether the district court failed to calculate or improperly calculated the Sentencing Guidelines range, treated the Guidelines as mandatory, failed to consider the 18 U.S.C. § 3553(a) (2012) factors, or failed to adequately explain its chosen sentence. *Id.* If we find the sentence procedurally reasonable, we then examine substantive reasonableness, considering the totality of the circumstances. *Gall*, 552 U.S. at 51. We presume that a sentence within or below the Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

We discern no error in the court's determination of the Guidelines range. We also conclude that Love fails to rebut the presumption that his Guidelines-range statutory minimum sentence is substantively reasonable when measured against the § 3553(a)

2

factors. *See Louthian*, 756 F.3d at 306. Love acknowledged that five years was an appropriate sentence and the district court considered the § 3553(a) factors and agreed. We conclude that the court did not abuse its discretion in imposing the 60-month sentence and that the sentence is reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment. This court requires that counsel inform Love, in writing, of the right to petition the Supreme Court of the United States for further review. If Love requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Love.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3